IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

04 AUG 19 PM 3:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARLES OWENS,

    Plaintiff,

v.

GOLD KIST, INC., et al.,

    Defendants.

CIVIL ACTION NO.
04-AR-2244-M



ENTERED

AUG 1 9 2004

## MEMORANDUM OPINION

The court has before it three motions that were heard at this court's most recent motion docket: (1) motion of defendant, Gold Kist, Inc. ("Gold Kist"), to compel the arbitration of the dispute presented by the complaint that was filed by plaintiff, Charles Owens ("Owens"), in the Circuit Court of Marshall County, Alabama, and that was removed to this court by Gold Kist on the basis of the diversity citizenship between Owens and Gold Kist; (2) Owens' motion for leave to amend his complaint to name a non-diverse party; and (3) Owens' motion to remand the case to the state court.

The complaint as filed in the state court named fictitious parties defendant, a procedure that is allowed by the Alabama rules. However, the body of the complaint mentioned an agent of Gold Kist named Danielle Steele who fits within the description of one or more of the fictitious defendants against whom Owens is complaining. Ms. Steele was not listed by name in the style of the case and was not served with a summons and complaint. She shares Alabama citizenship with Owens. Therefore, if she is, or becomes,



a defendant, subject-matter jurisdiction is lacking in this court. Gold Kist argues with some force that because the removal was entirely proper when its notice of removal was filed because fictitious parties are ignored by this court, the simultaneously filed motion to compel takes precedence over any issue of subject-matter jurisdiction that might be created by a post-removal amendment of the complaint.

The inalterable rule in the federal courts is that an amendment of a removed case, if allowed under the liberality of Rule 15, F.R.Civ.P., if it destroys subject-matter jurisdiction that existed at the time of the removal, requires a remand of the case. This particular amendment actually does not add a jurisdiction destroying non-diverse defendant previously unknown. Rather, it merely clarifies an inartfully drafted complaint that simply failed to designate Ms. Steele as an alleged joint tortfeasor with Gold Kist. This being true, the court does not consider the proposed amendment that designates Ms. Steele as a defendant to be a belated event that leaves an opening for this court to exercise some sort of limited or interim jurisdiction for the purpose of ruling on Gold Kist's motion to enforce the arbitration agreement and thus avoiding any consideration of Owens' proposed amendment. If this court should agree with Gold Kist's contention that the court has sufficient jurisdiction upon which to rule on its motion to compel, and if the court should thereafter

deny Gold Kist's motion to compel, and if the court should thereafter grant Owens' motion for leave to amend his complaint to add Ms. Steele as a defendant as if no one should have anticipated that she was intended to be a defendant, the case would have to be remanded. According to Gold Kist, then, the merits of its motion to compel overrides or supercedes the primacy of the question of this court's jurisdiction, which is a different question from the question of whether the jurisdiction of the arbitrator is the primary question. This court sees no logical reason for deciding upon its own removal jurisdiction based on whether or not arbitration is mandatory.

The enforceability of the arbitration agreement is a question that can be, and should be, decided by the court that has subject-matter jurisdiction. In this instance, the proper court to decide the question of arbitrability is the Circuit Court of Marshall County, Alabama. *See Doleac v. Michalson*, 264 F. 3d, 470 (5th Cir. 2001). Gold Kist does not contend that Ms. Steele was fraudulently joined for the purpose of destroying diversity jurisdiction, and the authorities cited by Gold Kist are not controlling and are unconvincing.

An order of remand will be entered separately.

DONE this 19th day of August, 2004.

/s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3